ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| RAHAMSES CARAZO VILLA Y BLANCA FORASTIERI LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>APELANTES<br><br>V.<br><br>DESARROLLO VICTORIA, INC.<br><br>APELADOS | KLAN202400785 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| | | CIVIL NÚM.: SJ2024CV01408 SALA: 803 |
| | | SOBRE: RELEVO DE SENTENCIA |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 2 de octubre de 2024.

Comparece el señor Rhamses Carazo, la señora Blanca Forastieri y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, "señor Carazo y señora Forastieri" o "apelantes"), quienes solicitan que revisemos una *Sentencia* notificada el 22 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante la referida *Sentencia*, el TPI declaró *Ha Lugar* una moción de desestimación.

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

### I.

Este caso inició, el 30 de marzo de 2017, cuando Desarrollos Victoria, Inc. (en adelante, "DVI") presentó una *Demanda*[1] en cobro de dinero y desahucio contra el señor Carazo, la señora Forastieri y otros.

---

[1] Apéndice del Alegato del apelante, Anejo 4, págs. 24-47.

Número Identificador

SEN2024_____

El 8 de mayo de 2017, DVI emplazó al señor Carazo, la señora Forastieri y su Sociedad Legal de Gananciales.[2]

Luego, el 21 de junio de 2017, compareció el señor Carazo representado por el Lcdo. José García Guillani y presentó una *Moción Asumiendo Representación Legal y en Solicitud de Prórroga*[3] por un término adicional de 30 días para contestar la *Demanda*.

Ante esto, el 11 de julio de 2017, DVI presentó una *Moción en Solicitud de Anotación de Rebeldía al Sr. Carazo*[4]. Mediante la cual alegó que el señor Carazo tenía hasta el 7 de junio de 2017 para contestar la *Demanda* y, aun cuando solicitó una prórroga, esta fue presentada tardíamente y sin justa causa.

El 14 de julio de 2017, el TPI notificó una *Orden*[5] donde declaró *Ha Lugar* la solicitud de prórroga.

Posteriormente, el 31 de agosto de 2017, DVI presentó una *Segunda Moción en Solicitud de Anotación de Rebeldía al Sr. Carazo*[6] ante la ausencia de una contestación a *Demanda*.

Siendo así, el TPI notificó el 24 de octubre de 2017 una *Orden*[7] mediante la cual declaró *Ha Lugar* la anotación de rebeldía y señaló vista en rebeldía.

No obstante, el 10 de noviembre de 2017, el señor Carazo presentó una *Moción de Reconsideración*[8] y su *Contestación a Demanda*[9]. En la cual alegó que su tardanza se debía al paso del huracán Irma y María por Puerto Rico.

---

[2] Apéndice del Alegato del apelado, Anejo 2, págs. 25-26.
[3] Apéndice del Alegato del apelado, Anejo 3, págs. 27-28.
[4] Apéndice del Alegato del apelado, Anejo 4, págs. 29-31.
[5] Apéndice del Alegato del apelado, Anejo 5, págs. 32.
[6] Apéndice del Alegato del apelado, Anejo 8, págs. 40-42.
[7] Apéndice del Alegato del apelado, Anejo 9, págs. 43-44.
[8] Apéndice del Alegato del apelado, Anejo 10, págs. 45-48.
[9] Apéndice del Alegato del apelado, Anejo 11, págs. 49-59.

Ante ello, el 8 de diciembre de 2017, el TPI notificó una *Resolución*[10] en la que declaró *No Ha Lugar* la solicitud de reconsideración.

Tras la continuación de los procedimientos, el 23 de septiembre de 2021, DVI presentó una *Moción Solicitando que Se Dicte Sentencia por la Alegaciones de la Demanda*[11].

Por lo cual, el 12 de octubre de 2021, el TPI notificó una *Orden*[12] concediendo 15 días al señor Carazo para mostrar posición sobre la solicitud de que se dicte sentencia por las alegaciones.

Vencido el término y sin oposición, el 20 de octubre de 2022, el TPI emitió *Sentencia*[13] mediante la cual declaró Ha Lugar la solicitud de sentencia por las alegaciones.

Así las cosas, el 9 de febrero de 2024, el señor Carazo y la señora Forastieri presentaron una *Demanda* independiente sobre relevo de sentencia contra DVI.[14]

Sin embargo, el 30 de abril de 2024, la DVI presentó una *Moción de Desestimación*[15] en la cual alegó que procedía desestimar el pleito debido a su presentación tardía. Argumentó que la *Sentencia* emitida por el TPI, el 20 de octubre de 2022, fue una sentencia por las alegaciones y no una sentencia en rebeldía. Por lo cual, puntualizó que no se podía re-litigar los asuntos previamente adjudicados.

Luego, el 20 de mayo de 2024, el señor Carazo y la señora Forastieri presentaron su *Oposición a Moción de*

---

[10] Apéndice del Alegato del apelado, Anejo 13, págs. 70-74.
[11] Apéndice del Alegato del apelado, Anejo 23, págs. 91-97.
[12] Apéndice del Alegato del apelado, Anejo 24, págs. 98-99.
[13] Apéndice del Alegato del apelante, Anejo 12, págs. 85-94.
[14] Apéndice del Alegato del apelante, Anejo 13, págs. 95-115.
[15] Apéndice del Alegato del apelante, Anejo 14, págs. 116-166.

*Desestimación*[16]. En síntesis, plantearon que se les violó el debido proceso de ley al anotársele la rebeldía por el incumplimiento de su representación legal sin cumplir con las exigencias jurisprudenciales.

A esos efectos, el TPI emitió el 21 de julio de 2024 y notificó el 22 de julio de 2024 una *Sentencia*[17] en la cual declaró *Ha Lugar* una moción de desestimación. Allí expuso lo siguiente:

> […] La sentencia final, así como las sentencias parciales, fueron notificadas conforme a derecho a tenor con las reglas de Procedimiento Civil, 32 LPRA Ap. V. La parte estuvo en todo momento representada y participó activamente en el caso. […]

Inconforme, el 20 de agosto de 2024, el señor Carazo y la señora Forastieri presentaron el recurso de *Apelación* que nos ocupa y señalaron la comisión de los siguientes errores:

> Erró el TPI al anotar la rebeldía a la Parte Apelante por incumplimiento de su representación legal de entonces en cumplir con las ordenes del Tribunal relacionadas, entre otras cosas, al descubrimiento de prueba sin previamente notificar directamente a las partes del continuo incumplimiento de su representante legal. Ello a la luz de los procedentes del Tribunal Supremo.

> Erró el TPI al dictar Sentencia en rebeldía contraria a una determinación del propio Tribunal, por lo que violentó la ley del Caso.

Evaluados los planteamientos presentados por las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Anotación de Rebeldía

La Regla 45 de Procedimiento Civil regula la figura de la rebeldía.[18] De acuerdo con la Regla 45.1, *supra*, la anotación de la rebeldía procede "cuando una parte

---

[16] Apéndice del Alegato del apelante, Anejo 14, págs. 167-179.
[17] Apéndice del Alegato del apelante, Anejo 14, págs. 18-23.
[18] 32 LPRA Ap. V, R. 45.

contra la cual se solicita una sentencia para conceder un remedio afirmativo ha dejado de presentar alegaciones o de defenderse en otra forma" según disponen las reglas.[19] En esencia, la razón de ser del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación.[20]

De acuerdo a nuestro ordenamiento, existen tres fundamentos para declarar la rebeldía contra una parte: (1) cuando la parte no comparece al proceso después de ser debidamente emplazada; (2) cuando la parte demandada no contesta o alega en el término concedido por ley, luego de comparecer mediante moción previa en la cual no surja la intención de defenderse; y (3) cuando una parte ha incumplido alguna orden del tribunal o se niega a descubrir prueba después de requerírsele mediante los métodos disponibles para ello.[21]

Ahora bien, nuestro Más Alto Foro ha sido enfático en dejar claro el carácter discrecional del mecanismo de la rebeldía y que este no se sostiene ante el ejercicio burdo o injusto.[22]

## B. Relevo de sentencia

La Regla 49.2 de Procedimiento Civil, establece el mecanismo procesal disponible para solicitar el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos.[23] En específico, la Regla 49.2 de Procedimiento Civil, *supra,* dispone las siguientes razones por la cual el tribunal podrá relevar a una parte de una sentencia:

---

[19] 32 LPRA Ap. V, R. 45.1.
[20] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).
[21] *Íd.*, págs. 587-588.
[22] *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 590.
[23] 32 LPRA Ap. V, R. 49.2.

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[24]

No obstante, para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, el peticionario está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla.[25]

Ante esto, el Tribunal Supremo de Puerto Rico ha expresado que la Regla 49.2 de Procedimiento Civil, *supra*, debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos".[26] "**Empero, la consabida regla no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración**".[27]

Particularmente, el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra*, otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. **Una sentencia**

---

[24] 32 LPRA Ap. V, R. 49.2.
[25] *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010).
[26] *Íd.*, pág. 541.
[27] *Íd.* (citas omitidas) (Énfasis nuestro).

**es nula cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el debido proceso de ley.**[28] De manera que, bajo este fundamento, no hay margen de discreción. Es decir, si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado.

### C. Debido proceso de ley

El debido proceso de ley es un derecho fundamental reconocido tanto en nuestra Constitución como en la Constitución Federal.[29] Dicha garantía tiene dos vertientes, a saber: la sustantiva y la procesal.[30] El debido proceso de ley sustantivo pretende proteger y salvaguardar los derechos fundamentales amparo de la constitución. De manera, que el Estado está impedido de aprobar leyes o realizar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad de los individuos.[31] Por otro lado, en su vertiente procesal, el debido proceso de ley establece las garantías procesales mínimas que el Estado debe proveerle a un individuo al interferir con los intereses de su propiedad o libertad.

Nuestra jurisprudencia ha establecido varios requisitos que todo procedimiento adversativo debe cumplir para satisfacer las exigencias mínimas del debido proceso de ley, a saber: que las partes sean notificadas adecuadamente del proceso; que las partes tengan la oportunidad de ser oídos; que el proceso se lleve a cabo ante un juzgador imparcial; que las partes

---

[28] *Íd.*, pág. 543.
[29] Artículo II, Sec. 7, Const. ELA; Emda. V y XIV, Const. EE.UU.
[30] *ELA et al. v. Molina Figueroa*, 186 DPR 461 (2012).
[31] *McConnell v. Palau*, 161 D.P.R. 734 (2004).

tengan derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; que la decisión se base en evidencia presentada y admitida en juicio y que las partes tengan derecho a tener asistencia de abogado.[32]

## III.

Debido a que los señalamientos de error están íntimamente relacionados entre sí, procederemos a prescindir de los mismos de manera conjunta. En síntesis, los apelantes alegan que el TPI erró al anotar y dictar sentencia en Rebeldía sin cumplir con el debido proceso de ley. Además, alegan que se violentó la ley del caso. No tiene razón. Veamos.

Tras un análisis de los acontecimientos procesales suscitados, se desprende que, en el pleito de cobro de dinero, el TPI anotó la rebeldía debido al incumplimiento reiterado de los apelantes en presentar su contestación a *Demanda.* Es decir, que la anotación de rebeldía ocurre al inicio del pleito en el 2017. Luego de ello, el expediente demuestra que los apelantes participaron activamente del proceso judicial en cumplimiento con el debido proceso de ley. Posteriormente, en el 2022, el TPI emitió una **Sentencia por las alegaciones**[33] a solicitud de la parte apelada, a la cual los apelantes no mostraron oposición pese al término concedido para ello. Ahora bien, sobre tal determinación, no surge del expediente que se haya solicitado reconsideración ante el TPI o se haya

---

[32] *Hernández v. Secretario*, 164 DPR 390 (2005).
[33] Enfatizamos que la Sentencia apelada no es una sentencia en rebeldía, sino que es una sentencia por las alegaciones en virtud de la Regla 10.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.3.

presentado un recurso de apelación ante este Tribunal revisor.

Entonces, pasados los términos para solicitar los remedios de reconsideración, apelación e incluso relevo de sentencia, los apelantes presentan el pleito independiente que nos ocupa hoy. Ello, en virtud del mecanismo post-sentencia de la Regla 49.2 de Procedimiento Civil, *supra*. Mediante el cual los apelantes pretenden litigar cuestiones sustantivas que debieron presentar oportunamente y mediante los remedios que proveen las Reglas de Procedimiento Civil.

Además, nos parece importante señalar que aun cuando no existieran los impedimentos anteriores, no estamos ante ninguno de los fundamentos que reconoce la Regla 49.2 de Procedimiento Civil, *supra,* para relevar a una parte de una sentencia.

El trámite seguido por los apelantes desde la presentación de la Demanda cuya sentencia aquí apelan, hasta la misma presentación de este recurso, cuyos señalamientos de error no guardan relación alguna a la realidad fáctica procesal del asunto ventilado previamente, constituye un ejercicio en frivolidad y un intento de abusar de los procesos judiciales que cargan indebidamente a nuestros Tribunales de Justicia. Estos procesos se llevan cuando en efecto se haya cometido algún desvarío de la justicia, no por el simple hecho de presentarlo a ver si se despista alguien y se logra algo.

En consideración a lo antes expuesto, entendemos que el TPI no violentó el debido proceso de ley de los apelantes ni abusó de su discreción al anotar la rebeldía. Por ello, resulta forzoso concluir que no se cometieron los errores señalados.

**IV.**

Por los fundamentos antes expuestos, se **confirma** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*